■    In the Matter of the Claim of HENRY DONALDSON, Respondent, v. SELECT THEATRE CORPORATION et al., Appellants, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, Respondent.  WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board.  Appellant, Select Theatre Corporation, owned the Broadway Theatre in New York City.  By written instrument it leased the premises to one Lesser for the production therein of a theatrical performance known as " Ballet de Paris ".  The term demised commenced on April 7, 1958; the rent reserved was based on a percentage of the box-office receipts.  On April 1, 1958 and before the show had opened claimant, a stagehand, was injured in the theatre when struck by a falling crate containing stage accessories.  The Referee, applying the doctrine of general and special employment to claimant's status, found the theatre owner and the producer equally liable for the award of compensation which he made.  Upon review the board ruled that Select was the employer and modified his decision by imposing sole liability for its payment upon appellants.  It is conceded that claimant sustained an accidental injury arising out of and in the course of his employment.  Appellants principally contend that the board's decision is not supported by substantial evidence.  The owner had made the theatre available to the producer before the opening date of the show in order to permit him to install the necessary stage settings to be used in connection with its presentation.

The producer had brought with him a corps of hands in his permanent employ who were familiar with the intricacies of the process. Pursuant to a collective bargaining agreement with the union, the owner hired claimant on a "shape-up" basis to assist in the operation; he had been employed by the same theatre corporation on prior occasions. It would seem that only it had the right to discharge him. For the period between the arrival of the show at the theatre and its public advent the owner carried claimant on its payroll, deducted his withholding and social security contributions, paid him his wages and protected him with a compensation insurance policy. In accordance with prevailing theatrical custom the producer reimbursed the owner for all expenditures incurred by it in connection with claimant's preshow employ. Directions in connection with the work were given by the chief stagehand of the producer to the house carpenter of the theatre who in turn relayed them to claimant. The claim alleged that the theatre corporation was claimant's employer when he was injured; its report of injury filed with the Workmen's Compensation Board confirmed this relationship. In this employment milieu peculiar to the theatre we think that the board could have reasonably found the owner to have been the employer. Appellants also argue that on the facts the board in any event should have found joint employment and assessed liability for the award against both the owner and producer. Our limited power of review does not permit the substitution of our judgment for that of the board. We look to see whether there is substantial evidence to support its finding. (*Matter of Miller* v. *Trebuhs Realty Co.*, 4 A D 2d 724.) On this record we are of the opinion that there is. The decision of the board was not defective because of its failure to make an explicit converse finding that the producer was not an employer. Decision and award unanimously affirmed, with costs to the respondent carrier. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.